UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MICHAEL L. KERN, )<br>)<br>Plaintiff, )<br>vs. )    No. 1:10-cv-379-WTL-JMS<br>)<br>STATE OF INDIANA DEPT OF )<br>  CORRECTIONS, et al., )<br>)<br>Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

    The complaint of Michael Kern brought pursuant to 42 U.S.C. § 1983 fails to state a claim upon which relief can be granted because he describes being misinformed upon an earlier release from the Indiana Department of Correction with respect to whether he was being released to probation, but fails to identify any federal right which was infringed through this error.

    No action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Because such an allegation is absent here, the complaint fails to state a plausible claim for relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

    For the reasons just noted, Kern's complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

    Judgment dismissing the action with prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 05/20/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana